UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:05-CR-62-KSF

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

vs.                                               **OPINION AND ORDER**

JAMES P. MILLER                                                                                             DEFENDANT

This matter is before the Court on the motion of Defendant James "Petey" Miller for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive crack cocaine amendments to the Federal Sentencing Guidelines. Mr. Miller also relies on the policy statement in U.S.S.G. § 1B1.10. The United States objects to the motion on the ground that Miller was sentenced as a "career offender" and, therefore, is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2).

I.  BACKGROUND

On June 3, 2005, Miller entered a plea of guilty for possession with intent to distribute fifty grams or more of cocaine base. Under the Sentencing Guidelines, his Base Offense Level for this offense was 32. Miller's criminal history reflected at least two prior felony controlled substance offenses for which he was classified as a Career Offender with an offense level of 37. Following an adjustment for acceptance of responsibility, Miller's Total Offense Level was 34. The Guideline range for imprisonment was 262 to 327 months; however, pursuant to 21 U.S.C. § 841(b)(1)(A), the minimum term of imprisonment was Life. After consideration of the Government's § 5K.1 motion, Miller was sentenced to 131 months on September 2, 2005.

II.  ANALYSIS

The United States notes that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, ... which is not to be expanded by

judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It argues, based upon *United States v. Addonizio*, 442 U.S. 178, 189 n. 16 (1979), that "the authority to modify a sentence already commenced must be granted to the court by statute, and such modification is limited to the authority granted by the statute." In this case, the relevant statute is 18 U.S.C. § 3582(c), which provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that –
> ...
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The recently revised policy statement in U.S.S.G. § 1B1.10 provides in part:

> (2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
> ...
> (B) an amendment listed in subsection (b) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a) (effective on March 3, 2008, by Amendment 712). Application note 1(A) to this Guideline states that a reduction under § 3582(c)(2) is not authorized where "the amendment ... is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment, n. 1(A).

The Eleventh Circuit recently addressed the same issue in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008). There, the court considered five consolidated appeals from denials of sentence reductions and held that the defendants sentenced as career offenders were not eligible for the crack cocaine sentence reduction. *Id.* at 1330. "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range

2

upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. Here, although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under §4B1.1." *Id.* Like Miller, two of the defendants in *Moore* also had 5K downward departures. *Id.*

The Sixth Circuit has not yet spoken on the issue of eligibility for a sentence reduction under the crack cocaine amendment. This Court is persuaded, however, that the Eighth Circuit's analysis in *Moore* is correct and should be applied to the present case.

Although Miller's base offense level might be subject to a two-level reduction under Amendment 706, his guideline range as a career offender remained unchanged. Under the plain language of § 3582(c)(2), Miller's sentencing range has not "been lowered by the Sentencing Commission" and a reduction is not consistent "with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Application Note 1(A) specifically contemplates this situation and says a reduction is not authorized where "the amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline* or statutory provision. U.S.S.G. § 1B1.10, Commentary, n. 1(A), emphasis added.

Having considered the record herein, the Court finds that the amendment to the crack cocaine guideline does not lower Defendant Miller's applicable guideline range. Miller's sentencing range was based on his status as a Career Offender and not because his offense involved cocaine base. Accordingly, he is not eligible for a sentence reduction, and this Court has no authority to grant such a reduction. In addition to the plain language of the statute and policy statement, this decision is further supported by the decisions in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008); *United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008); *United States v. Clark*, 2008 WL 4510440 (E.D. Tenn. 2008); *United States v. Perdue*, 2008 WL 4404278 (N.D. Ohio. 2008); *United States v. Hamilton,* 2008 WL 4275681 (S.D. Ga. 2008); *United States v. Pinckney*, 2008 WL

4489860 (S.D. Ga. 2008); *United States v. Duran-Romero*, 2008 WL 4449877 (D. Or. 2008) and *Bailey v. United States*, 2008 WL 4443909 (M.D. Fla. 2008).

### III. CONCLUSION

**IT IS ORDERED** that the Motion of James Petey Miller for a sentence reduction [DE 63] is **DENIED**.

This October 17, 2008.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge